IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN KRSULIC,

        Petitioner,               MISC. NO. S-06-0071 MCE GGH

        vs.

ALAN KEENE, IRS Revenue Agent, et al.,      FINDINGS & RECOMMENDATIONS

        Respondents.

_____/

Petitioner has filed a petition to quash IRS summons. The United States filed an opposition and counterclaim to enforce the tax summons against third party Placer Sierra Bank.

The Ninth Circuit has summarized the well established and frequently referred to requirements for enforcement of an IRS summons:

> To obtain enforcement of a summons, the IRS must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 254-55 (1964). The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn statement of the revenue agent who issued the summons declaring that the Powell requirements have been met. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.' Dynavac, 6 F.3d at 1414.

Fortney v. United States, 59 F.3d 117, 119 (9th Cir.1995); Ponsford v. United States 771 F.2d 1305, 1307, 1308 (9th Cir.1985); Liberty Financial Services v. United States, 778 F.2d 1390,

1392 (9th Cir.1985).

Petitioner claims that the IRS has labeled him a tax protester and as a result has abandoned a civil tax determination in order to prosecute him criminally, thereby attempting to circumvent the traditional grand jury role and impermissibly gathering evidence to aid in prosecution. Petitioner also argues that forcing disclosure of his personal bank records violates his right to privacy under the Constitution. He further claims that the summons is too broad, is defective on its face, violates the notice and hearing requirements, and was issued for the improper purpose to harass petitioner. In order to meet his burden to disprove a valid civil tax purpose, petitioner claims to need discovery.

Revenue Agent Keene states that the purpose of the summons at issue is to conduct an investigation of Steven Krsulic to determine federal income tax liabilities for the 2003 and 2004 tax years. The summons issued to Placer Sierra Bank requests bank statements, deposit records and copies of canceled checks for Krsulic between the period January 1, 2003 to December 31, 2004. Such an investigation is a legitimate use of the summons power of § 7602.[1] Respondents have also demonstrated a prima facie showing that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed. Keene Decl., ¶¶ 7, 10, 5. United States v. Powell, 379 U.S. 48, 57-58 (1964).

The burden of coming forward therefore has shifted to petitioner. Although petitioner's petition claims he is filing an affidavit and "summary of authorities" to support his aforementioned arguments, he has not done so. IRS Agent Keene states that this case has not been referred to the Department of Justice as a criminal proceeding. Keene Decl. ¶ 11.

---

[1] Even a secondary purpose by the Service in seeking the requested material does not defeat the Service's assertions. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 105 S. Ct. 725 (1985) (dual purpose); United States v. La Salle National Bank, 437 U.S. 298, 98 S. Ct. 2357 (1978) (even an illegitimate secondary purpose will not preclude enforcement in light of a legitimate purpose).

1  Furthermore, it is well established that "[t]he fact that an investigation for the purpose of
2  determining tax liability is deemed likely to produce evidence warranting criminal prosecution
3  does not make the use of summons an improper use." United States v. Hayes, 408 F.2d 932, 936
4  (7th Cir. 1969).  While it may be the law that an agency may not use a civil summons solely to
5  prepare for a criminal case, see United States v. LaSalle National Bank, 437 U.S. 298, 98 S. Ct.
6  2357 (1978), called into doubt by statute as stated in United States v. Cahill, 920 F.2d 421, 428
7  (7th Cir.1990), the Service may pursue civil and criminal investigations simultaneously prior to
8  referring the matter to the Department of Justice.  Jones v. United States, 791 F. Supp. 760, 762
9  (E.D. Ark. 1992).  Petitioner has failed to demonstrate any facts which suggest he has a
10 reasonable belief he will be prosecuted, that the summonses in the instant cases were issued for
11 an improper purpose, that the summons is too broad, that it is defective, that it violates the notice
12 and hearing requirements, or that it was issued for an improper purpose.  Therefore, petitioner
13 has not met his burden.
14         Based on the foregoing principles, and an examination of the United States'
15 opposition, the Verification of Revenue Agent Alan Keene, and the entire record in this case the
16 Court finds as follows:
17         1. The United States has established its case for enforcement of the IRS summons
18 issued to Placer Sierra Bank;
19         2. The summons was issued for a legitimate purpose, it seeks information that
20 may be relevant to that purpose, and seeks information not already in the government's
21 possession;
22         3. The summons was issued in conformation with the administrative steps
23 required by the Internal Revenue Code;
24         4. The United States' opposition and counterclaim to enforce the IRS summons
25 in this matter, along with the verification of Revenue Agent Alan Keene were served on
26 petitioner Steven Krsulic and Placer Sierra Bank.

1    Accordingly, IT IS RECOMMENDED that the petition to quash IRS summons filed by Steven Krsulic on June 26, 2006, be DENIED, the United States' petition for enforcement of the IRS summons at issue in the case, filed November 14, 2006, be GRANTED, and that the summons be enforced.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/2/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Krsulic0071.IRS.wpd